## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LUKE F. SAAVEDRA**                                        **CIVIL ACTION**

**VERSUS**                                                  **NO: 07-3472**

**COLORADO ELECTRIC SUPPLY LIMITED**                        **SECTION: "K"(2)**

## <u>ORDER AND REASONS</u>

Before the Court is the Motion to Dismiss for Lack of Jurisdiction (Rec.Doc.No. 4) of

Defendant Colorado Electric Supply Limited ("Colorado Electric"), wherein Defendant

specifically contends that the amount in controversy does not exceed $75,000 as is required by

28 U.S.C. § 1332.[1]

---

[1]     In order for the Court to exercise diversity jurisdiction, there must be diversity of citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; *see also Rush v. American Sec. Ins. Co.*, 2006 WL 3733817 (E.D. La. Dec. 14, 2006). Here, Diversity of citizenship is not disputed.

1

# I. BACKGROUND

This lawsuit concerns personal injury action by an employee against his employer. Plaintiff Luke F. Saavedra ("Saavedra") was employed as a salesman with Defendant Colorado electric in Slidell, Louisiana.[2] On February 14, 2007, Plaintiff alleges that he was injured while attempting to lift a large coil of wire. Plaintiff further claims that ultimately he was fired from his position for filing a worker's compensation claim.[3] At the time of this termination, Plaintiff suggests that he was earning $38,000 per annum and training to be store manager which would entitle him to a company car, gas card, and a bonus.[4] With respect to damages, Plaintiff seeks the equivalent of one year's earnings,[5] attorney's fees and costs, and other equitable relief.[6]

---

[2]     *See* Compl. ¶ 4 (Rec.Doc.No. 1).

[3]     *Id.* ¶ 8.

[4]     *Id.* ¶ 3.

[5]     La. Rev. Stat. Ann. § 23:1361 provides the following:

> Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with reasonable attorney's fees and court costs.

La. Rev. Stat. Ann. § 23:1361(C).

[6]     *Id.* ¶ 9.

In the instant motion, Defendant contends that the amount in controversy does not exceed $75,000 and, therefore, the Court cannot exercise subject matter jurisdiction over the controversy. Specifically, Defendant argues that the Plaintiff's annual salary was only $38,000 and the attorney's fees will not exceed $40,000. Plaintiff contends that the attorney's fees will likely exceed $40,000 and Defendant's assertions are merely speculation.

## II. LEGAL STANDARD AND ANALYSIS

The question before the Court is whether the amount in controversy exceeds $75,000 as is required for the Court's exercise of subject matter jurisdiction under 28 U.S.C. § 1332. The Fifth Circuit has stated that "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In situations where the amount in controversy is not facially apparent from the petition, as is the case here, the district court can then require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of the filing of the complaint. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 136 (5th Cir. 1995). Once the party asserting jurisdiction has established by a preponderance of the evidence that the amount in controversy is sufficient to confer jurisdiction to the federal courts, the burden shifts back to the party opposing jurisdiction to show, to a legal certainty, that the claim is really for less than the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Here, it is not facially apparent from the Complaint that Plaintiff's seeks damages that exceed $75,000. Rather, Plaintiff's Complaint suggests that he was earning $38,000 per year and was training to become a manager which would have entitled him to certain benefits.[7] As evidence that the amount in controversy exceeds $75,000, Plaintiff offers court documents from an arbitration case in which the court approved an arbitration award of $56,608.50 in attorney's fees.[8,9] However, Plaintiff offers no explanation as to how the instant case is similar to the arbitration case other than that both actions involve retaliation claims. Moreover, Plaintiff simply asserts that discovery has not yet commenced. While it is possible that attorney's fees will exceed $37,000, Plaintiff has not demonstrated by a preponderance of the evidence that the attorney's fees in this matter will cause the total amount in controversy to exceed $75,000. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED** and the case is hereby **DISMISSED**.

New Orleans, Louisiana, on this  27th  day of August, 2007.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**

---

[7]      *See* Compl. ¶ 3.

[8]      *See* Opp. Mot. Dismiss, Exhibit 1 (Rec.Doc.No. 6)

[9]      This award was supplemented by $7,380.75, and the award was confirmed by the district court. *Id.* at Exhibit 2, 3.

4

5